**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FRANKLIN C. LEE,

        Petitioner - Appellant,

v.

RANDY WORKMAN,

        Respondent - Appellee.

No. 01-6421
D.C. No. CIV-01-318-T
(W.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Franklin C. Lee seeks a certificate of appealability (COA) from this court in order to appeal the district court's order denying relief in his motion filed pursuant to 28 U.S.C. § 2254. We deny Mr. Lee's application and dismiss the appeal.

Review of Mr. Lee's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). See Wallace v. Ward, 191 F.3d 1235, 1240 (10th Cir. 1999), modified on other grounds by McGregor v. Gibson, 248 F.3d 946 (10th Cir. 2001). Under AEDPA, Mr. Lee must obtain a COA before he can proceed on appeal. 28 U.S.C. § 2253(c)(1). To be entitled to a COA, he must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Mr. Lee was convicted by a jury of first degree felony murder and sentenced to life imprisonment. The Oklahoma Court of Criminal Appeals denied relief on direct appeal.

Mr. Lee then filed this § 2254 petition in federal district court. He alleged that his constitutional right not to be subjected to double jeopardy had been

violated when the state trial court granted his motion for a mistrial and then permitted a retrial. He also alleged that he had received ineffective assistance of counsel and that the state courts erred in denying his motion for a free transcript.

The district court denied relief. The court determined that Mr. Lee had exhausted his state court remedies as to his first claim. However, the court denied relief on this claim finding that Mr. Lee had not presented clear and convincing evidence that the state court had erred in determining that a second trial did not violate his double jeopardy rights. The court also ruled that Mr. Lee's second claim was procedurally barred and his third claim did not amount to a constitutional violation. On appeal, Mr. Lee argues that the district court erred in its ruling.

We have reviewed the record and the applicable law and conclude that Mr. Lee has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reasonable jurists could not debate whether his § 2254 "petition should have been resolved in a different manner" or whether "the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (quotation omitted). Therefore, we grant appellant's

motion to proceed in forma pauperis, deny a COA and DISMISS this appeal. The

mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge